IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

STEEL OF WEST VIRGINIA, INC.,

           Plaintiff,

v.                                             CIVIL ACTION NO. 3:09-0005

AMI G.E., LLC,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

On November 25, 2008, Plaintiff Steel of West Virginia, Inc. filed a five-count Complaint against Defendant AMI, G.E., Inc. in the Circuit Court of Cabell County, West Virginia. Defendant removed the case to this Court based upon diversity of citizenship. *See* 28 U.S.C. §§ 1332, 1441, and 1446. Defendant then moved to dismiss the case alleging Plaintiff is an improper party and Counts IV and V fail to state a claim upon which relief may be granted. For the following reasons, the Court **DENIES, in part,** and **GRANTS, in part**, Defendant's motion. [Doc. No. 7].

In its Complaint, Plaintiff alleges that it contracted with Defendant to upgrade a transformer control system which controls electric power to Plaintiff's arc furnaces. *Complaint*, ¶ 15. Plaintiff asserts that Defendant "designed, engineered and installed a programmable logic controller (PLC) based regulator," but it was defective and malfunctioned which caused damage to Plaintiff's equipment. *Id*. As a result, Plaintiff filed this action against Defendant for breach of

contract (Count I), breach of warranty (Count II), strict products liability (Count III), professional negligence (Count IV), and negligence (Count V).

In its motion, Defendant first argues that Plaintiff does not have standing to bring this lawsuit because Plaintiff is not the contracting party. Defendants points to the purchase order attached to the Complaint which is on SWVA, Inc. letterhead. Although SWVA, Inc. is a wholly owned subsidiary of Plaintiff, Defendant agues that it is well settled that parent corporations and their subsidiaries are distinct entities and one may not sue on the other's behalf.

In response, Plaintiff asserts that the purchase order must be read in conjunction with the proposal submitted by Defendant to Plaintiff Steel of West Virginia, Inc. Plaintiff argues the fact that the purchase order was on letterhead from SWVA, Inc. does not change the fact that the contract is clearly between Plaintiff and Defendant. At the very least, Plaintiff claims there is a factual dispute which is inappropriate to resolve on a motion to dismiss. Moreover, Plaintiff contends that as SWVA, Inc. is a wholly owned subsidiary, the companies are one in the same for purposes of this litigation.

Upon review, the Court agrees with Plaintiff that it is premature at this point in the litigation to determine whether Plaintiff is a proper party. Therefore, the Court **DENIES without prejudice** Defendant's motion in this regard. In addition, the Court declines to determine whether or not Plaintiff may sue on behalf of SWVA, Inc. as it may be a purely academic exercise if Plaintiff

is a proper party irrespective of the fact SWVA, Inc. is a wholly owned subsidiary. If necessary, Defendant may renew this argument after discovery is complete.

Defendant's next argument is that Plaintiff's claims for professional negligence (Count IV) and negligence (Count V) must be dismissed as tort liability cannot arise from Defendant's alleged failure to perform a contractual duty. In support of its motion, Defendant points to *Lockhart v. Airco Heating & Cooling, Inc.*, 567 S.E.2d 619 (W. Va. 2002), in which the West Virginia Supreme Court held in Syllabus Point 9:

> Tort liability of the parties to a contract arises from the breach of some positive legal duty imposed by law because of the relationship of the parties, rather than from a mere omission to perform a contact obligation. An action in tort will not arise for breach of contract unless the action in tort would arise independent of the existence of the contract.

Syl. Pt. 9, *Lockhart*. In *Lockhart*, the court affirmed the lower court's entry of summary of judgment in favor of the defendant which was hired to install a heating system in the plaintiff's house. *Id*. at 624. The plaintiff claimed that the defendant did not take the necessary precautions to prevent the temperature in the house from fluctuating between hot and cold and, as a result, her husband got sick and died. *Id*. at 622. Under these facts, the court found that the plaintiff could not maintain a tort action "for an alleged breach of a contractual duty." *Id*. at 624 (footnote omitted).

Several cases decided by the Northern District of West Virginia have reiterated this principle in holding that, under West Virginia law, a tort action cannot "'arise for breach of contract unless the action in tort would arise independent of the existence of the contract.'" *CWS Trucking,*

*Inc. v. Welltech Eastern, Inc.*, No. 2:04-CV-84, 2005 WL 2237788, at *2 (N.D. W. Va. 2005) (quoting, in part, Syl. Pt. 9, *Lockhart*). In other words, "[t]he source of the duty is controlling. To be maintained, the action in tort must arise independent of the existence of the contract." *Id*. at *3. *See also McClure v. Elmo Greer & Sons of Ky., LLC*, 369 F. Supp.2d 832, 838 (N.D. W. Va. 2005) (awarding summary judgment in favor of the defendant where "the plaintiffs would not be able to allege a claim in tort in the absence of the contract" as under West Virginia law "a separate tort claim can go forward only if it would be viable in the absence of a contract between the parties" (citing *Lockart)*); *National Steel Erection, Inc. v. J.A. Jones Constr. Co.*, 899 F. Supp. 268, 274 (N.D. W. Va. 1995) (finding that West Virginia law would agree with the concept that "'contract principles override the tort principles in SECTION 552 [of the Restatement Second of Torts covering information negligently supplied for the guidance of others] in construction cases and would enforce the allocation of risk voluntarily created by the parties" (citation omitted)).

On the other hand, Plaintiff asserts the claims are separate and distinct causes of action from the breach of contract claim. Plaintiff argues that its professional negligence claim is that Defendant "failed to meet the degree of skill and learning reasonably expected of an engineer specialized in transformer voltage regulation in that the design and integration of the voltage control system supplied by AMI caused the no load tap changer to make electrical connections while the Transformer was under an electric load." *Complaint*, at ¶ 46. In its negligence claim, Plaintiff claims that Defendant breached its duty of care "to accurately diagnose PLC malfunctions and accurately inform Plaintiff whether or not it was safe to operate the Transformer using the PLC." *Id*. at ¶ 49.

In support of its position, Plaintiff cites *Sewell v. Gregory*, 371 S.E.2d 82 (W. Va. 1988), in which the West Virginia Supreme Court permitted a negligent design and construction action against a builder of a house by homeowners who bought the house from the original purchasers. 371 S.E.2d at 85. Plaintiff also cites *DESCO Corp. v. Harry W. Trushel Constr. Co.*, 413 S.E.2d 85 (W. Va. 1991), in which the issue of negligence in the installation of a sprinkler system was permitted to go to the jury. 413 S.E.2d at 92. However, the Court finds that both of these cases are distinguishable. In *Sewell*, there was no construction contract between the builder and the plaintiffs in which the tort claims could have arose. In *DESCO*, the plaintiff argued that the trial court gave the jury an improper instruction on assumption of the risk. The issue of whether a tort action can arise from a contract, however, was not addressed by the court.

To the contrary, Plaintiff and Defendant in this case entered into a contract to upgrade Plaintiff's transformer control system and the issue of whether the negligence claims should be dismissed is squarely before the Court. As part of its professional negligence claim, Plaintiff asserts that the Defendant was contracted to provide the engineering services necessary to integrate the system. *Complaint*, at ¶ 45. Despite Plaintiff's contention its negligence claims arise separate and apart from the contract, they clearly do not. But for the contract, Defendant would have no duty to provide engineering services to Plaintiff and Defendant would owe no duty of care to Plaintiff. There simply is no independent basis aside from the contract upon which Plaintiff's negligence claims could arise. Thus, the Court finds that Plaintiff's claim must be dismissed under West Virginia law.

Accordingly, the Court **DENIES** Defendant's motion to dismiss based upon Plaintiff being an improper party, but **GRANTS** Defendant's motion to dismiss Count IV for professional negligence and Count V for negligence.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: June 10, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE